UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASPECT SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY E. BARNETT <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO. 1:11CV107549 <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO: (1) EXTEND TIME TO RESPOND TO DEFENDANT GARY E. BARNETT'S MOTION TO ALTER AND/OR AMEND THE COURT'S ORDER OF MAY 27, 2011; (2) FOR *IN CAMERA* REVIEW OF THE CONFIDENTIAL NATURE OF INFORMATION CONTAINED IN THE DEFENDANT'S UNDERLYING MOTION; AND (3) TO ORDER DEFENDANT TO CEASE HIS EMPLOYMENT WITH AVAYA, INC. PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO MODIFY ITS ORDER**

Plaintiff, Aspect Software, Inc. ("Aspect") moves this Honorable Court submits to extend its time to respond Defendant Gary E. Barnett's ("Barnett") Motion to Alter and/or Amend the Court's Order of May 27, 2011 (the "Barnett Motion") due to its inability to do so at the present time.  As set forth in the accompanying memorandum of law, Barnett's purported confidentiality of job descriptions contained in the Barnett Motion make it impossible, under the circumstances, for Aspect to consider, let alone determine, whether Barnett's performance of these newly created responsibilities would be compliant with this Court's Order of May 27, 2011 (the "May 27 Order") as well as his employment agreement with Aspect.

Aspect believes, in good faith, that none of the information contained in Barnett's pleadings is actually confidential.  Therefore, Aspect believes there should be no restrictions on

the number of Aspect employees who should be permitted to review those documents in order to reasonably vet them.  If, alternatively, this Court deems such information to be confidential, Aspect nevertheless requires *some and adequate* access to the relevant information, pursuant to an appropriate confidentiality or non-disclosure order from this Court, in order to adequately respond to the Barnett Motion.  Simply put, neither Aspect's in-house nor local counsel is possessed of the knowledge and expertise to analyze and evaluate whether Barnett's new proposition complies with the terms of the May 27 Order as well as his obligations under the employment agreement.  For this reason, Aspect cannot respond substantively to the Barnett Motion until (i) this Court reviews the non-redacted Barnett Motion, *in camera*; (ii) makes a judicial determination concerning the confidentiality of the information contained therein; and (iii) fashions an appropriate ruling concerning the extent to which Aspect employees can review the relevant documents.

Furthermore, Barnett has revealed for the first time in his affidavit in support of his motion that he is currently working at Avaya, Inc. ("Avaya"), although such work is only vaguely described.  Aspect requests that this Court order Barnett to cease such employment immediately until the true nature and scope of this current role is clarified and determined sufficient to allow Aspect and this Court to determine if such employment is consistent with its Order and Barnett's employment agreement.

**WHEREFORE**, the Plaintiff, Aspect Software, Inc., respectfully requests that this Court (i) conduct an *in camera* investigation of the non-redacted Barnett Motion; (ii) rule on the confidentiality of the job descriptions contained therein; (iii) issue an appropriate order in the event the information is deemed confidential to allow appropriate Aspect employees to review same;  (iv) grant a reasonable extension of time for Aspect to respond to the Barnett Motion in

light of the Court's ruling and (v) order that Barnett cease his employment with Avaya, Inc. pending the determination of his Motion.

### REQUEST FOR A HEARING

Plaintiff requests a hearing on this motion but requests that the Court take immediate action to order that Barnett cease his employment with Avaya, Inc. pending the determination of his Motion.

Respectfully submitted,

Plaintiff,
ASPECT SOFTWARE, INC.,
By its attorneys,

/s/  Lawrence P. Murray
Lawrence P. Murray, BBO #561835
Michael V. Samarel, BBO #675682
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASPECT SOFTWARE, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>GARY E. BARNETT<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:11CV107549<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 28, 2011.

/s/ Lawrence P. Murray
*Attorney for Plaintiff*

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that I have conferred with counsel for the Defendant in a good faith effort to resolve or narrow any issues related to this Motion by e-mail on June 24, 2011, by telephone on June 27, 2011 and by e-mail on June 28, 2011.

*/s/ Lawrence P. Murray*_____
Lawrence P. Murray, BBO #561835
lmurray@burnslev.com
BURNS & LEVINSON LLP