## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ASPECT SOFTWARE, INC.,

Plaintiff,

v.

GARY E. BARNETT,

Defendant.

CIVIL ACTION NO. 1:11-CV-10754-DJC

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff Aspect Software, Inc. ("Aspect") and Defendant Gary E. Barnett ("Barnett") (collectively, "the parties") recognize that some of the documents and information which may be produced in this action may include private information and other trade secrets, know-how, or other confidential or proprietary technical, commercial, business and/or financial information. As used herein "outside counsel of record" shall mean: Burns & Levinson LLP for Aspect and Wilson Sonsini Goodrich & Rosati and Beck Reed Riden LLP for Barnett. To preserve the confidential or proprietary status of such information, the parties, through their respective outside counsel of record agree as follows, subject to the approval of the Court:

1. Any information or materials produced by any party or nonparty as part of discovery in this action or in connection with any appeals may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

2. As a general guideline, information or materials designated as "*Confidential*" shall be proprietary, confidential, or highly sensitive personal information with respect to the producing party, its business or affairs, or the business or affairs of its customers, suppliers or licensors, including, but not limited to, confidential business, financial, research, commercial, or proprietary data or analyses, that may be disclosed to the parties for the purposes of the

litigation, but which must be protected against disclosure to third parties. Examples of such information or materials include materials that a party reasonably and in good faith believes to contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties and their respective outside counsel of record solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, or in any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3.     As a further general guideline, information or materials designated as "*Highly Confidential – Attorneys' Eyes Only*" shall be proprietary, confidential, or highly sensitive personal information with respect to the producing party, its business or affairs, or the business or affairs of its customers, suppliers or licensors that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, or could reasonably threaten substantial economic harm to the producing party, and that must be protected from disclosure. Examples of such information or materials include a party's: trade secrets, confidential technical or business information, technical practices, methods and other know-how, present and future marketing plans, product profit data and other projections, financial and sensitive personal information concerning Barnett (including, for example, testimony with respect to Barnett's current employer or past employers) or Aspect; business strategy, confidential agreements or relationships with third parties, and materials that a party is under a pre-existing obligation to a third party to treat as such. Absent a specific order by this Court, once designated as "Highly Confidential – Attorneys' Eyes Only," such designated information shall be used by the parties' respective outside counsel of record solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

4.     The designation of information or material as "Confidential" or "Highly Confidential –
Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following
manner by the party or nonparty seeking protection:

      (a)     in the case of documents, exhibits, briefs, memoranda, written discovery
responses, or other materials (apart from depositions or other pretrial or trial testimony): by
affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as
appropriate, to each page containing any confidential information or material at the time such
documents are produced or such information is disclosed, or as soon thereafter as the producing
party or nonparty seeking protection notifies the receiving party of the confidential nature of
the information or material disclosed and sought to be protected hereunder.

      (b)     in the case of depositions or other pretrial or trial testimony: (i) by a statement
on the record, by counsel, during such deposition or other pretrial or trial proceeding that the
entire transcript or a portion thereof shall be designated as "Confidential" or "Highly
Confidential – Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of
such designation sent by counsel to all parties within seven (7) days after receipt of a transcript
of the deposition.  During a deposition, the deponent or his counsel, or any other counsel of
record present at the deposition, may invoke the provisions of this Protective Order in a timely
manner, giving adequate warning to counsel for the party or nonparty that testimony about to
be given is deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The
parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential –
Attorneys' Eyes Only" hereunder until the expiration of seven (7) days after receipt of a
transcript of the testimony.  Unless so designated, any confidentiality is waived after the
expiration of the 7-day period unless otherwise stipulated or ordered.  The parties may modify
this procedure for any particular deposition or proceeding through agreement on the record at
such deposition or proceeding or otherwise by written stipulation, without further order of the
Court.  If any document or information designated as "Confidential" or "Highly Confidential –
Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition

record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

(c) With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", and any representative of a party (or any other person) is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as the case may be, occurs.

5. Information or material designated as "*Confidential*," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit;

(b) With respect to any list, document, or testimony that identifies Aspect's trade secret claims or reflects and/or constitutes one or more of Aspect's claimed trade secrets, Barnett, to the extent Aspect alleges that Barnett learned or possessed (and thus already knows) such information so designated during his work on behalf of Aspect;

(c) the parties' respective outside counsel of record in this action and regular and temporary employees of such outside counsel of record to whom it is necessary that the information or material be shown for the purposes of this litigation;

(d) inside counsel for Avaya Inc. ("Avaya") and one other Avaya employee, whose assistance is needed by outside counsel of record for Barnett for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 8 herein;

(e)     Aspect's employees and two in-house counsel(s) and one legal staff, whose assistance is needed by outside counsel of record for the purposes of this litigation;

(f)     consultants as defined in Paragraph 7 herein and pursuant to the provisions of Paragraph 8 and conditioned upon compliance with Paragraph 8 herein;

(g)     the Court and those employed by the Court, pursuant to Paragraphs 10 and 11 herein;

(h)     court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Protective Order, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

(i)     third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 8 herein;

(j)     non-technical jury or trial consulting services retained by outside counsel of record for a party, subject to and conditioned upon compliance with Paragraph 8 herein; and

(k)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 8 herein.

6.     Information or material designated as "*Highly Confidential – Attorneys' Eyes Only*," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     the parties' respective outside counsel of record in this action and regular and temporary employees of such outside counsel of record to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     Aspect's in-house counsel(s) and legal staff identified pursuant to Paragraph 5(e) above;

(c)     the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit;

(d)     With respect to any list, document, or testimony that identifies Aspect's trade secret claims or reflects and/or constitutes one or more of Aspect's claimed trade secrets, Barnett, to the extent Aspect alleges that Barnett learned or possessed (and thus already knows) such information so designated during his work on behalf of Aspect;

(e)     one member of inside counsel for Avaya, whose assistance is needed by outside counsel of record for Barnett for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 8 herein;

(f)     consultants as defined in Paragraph 7 herein, subject to and conditioned upon compliance with Paragraph 8 herein;

(g)     the Court and those employed by the Court, pursuant to Paragraphs 10 and 11 herein;

(h)     court reporters and employees of court reporters engaged in connection with this action to record and transcribe testimony in this litigation who have agreed to be bound by and comply with this Protective Order, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

(i)     third party contractors, including their employees and agents, involved solely in one or more aspects of design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of

such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 8 herein;

(j)     non-technical jury or trial consulting services retained by outside counsel of record for a party, subject to and conditioned upon compliance with Paragraph 8 herein; and

(k)     any other person only upon order of the Court or upon written consent of the party producing the confidential information or material, subject to and conditioned upon compliance with Paragraph 8 herein.

7.      For purposes of Paragraphs 5(f) and 6(f) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of outside counsel of record for a party.

8.      All persons listed in Paragraphs 5(d), 5(f), 5(h), 5(i), and 5(j) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. All persons listed in Paragraph 6(e), 6(f), 6(i), and 6(j) above may be given access to information or material designated as "Highly Confidential – Attorne ys' Eyes Only," only after (1) they confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A, and (2) outside counsel of record for the party seeking to disclose such material provides advance written notice and a copy of an executed Exhibit A to the producing party prior to any disclosure to such persons, so that the producing party may exercise its right to object. Such written notice shall set forth the individual's name, present residence address, business address, employer, job title, and any past or present association with any party. With respect to any person listed in Paragraphs 5(f), 5(i), 5(j), 6(f), 6(i), or 6(j) above, a copy of that individual's curriculum vitae shall also be attached to such written notice. If the producing party, within seven (7) days of its receipt of a written notice provided in accordance with this paragraph,

objects in writing, served by facsimile or electronic mail to outside counsel of record for the party seeking to disclose such material, to an individual having access to such information or material then that individual shall be barred from such access for a twenty (20) day period commencing with the receipt by the producing party of a the written notice. If within that twenty (20) day period (i) the parties are unable to resolve their differences and (ii) the opposing party moves for a further protective order, then the information and material shall not be provided to said individual except by further order of the Court.

9.     Notwithstanding Paragraphs 5 and 6 herein, material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" also may be shown at a deposition to non-party witnesses and to their respective counsel, and may be marked as exhibits to depositions, provided that all of the following three conditions are satisfied:

       (a)     Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be attached to any copies of deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants authorized to receive such materials under Paragraph 7 and 8 of this Order), and neither the witness nor the witness' counsel shall retain any copies thereof upon conclusion of the deposition;

       (b)     Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be shown to a non-party witness unless the party showing such material to the non-party witness believes in good faith that (i) such witness has specific information regarding the material or events reflected in the material, (ii) that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness; and

       (c)     For material designated as "Highly Confidential – Attorney's Eyes Only", the non-party witness is a person who authored or received the designated material, or an individual retained pursuant to the terms of Paragraphs 7 and 8.

10.     Any party or person filing with this Court material subject to this Order that has been designated as "Confidential," including pleadings, motions, briefs, interrogatory responses, responses to requests for admission, transcripts or depositions, shall file and/or lodge those papers in manner that is consistent with the Federal Rules of Civil Procedure, the United States District Court, District of Massachusetts Local Rules, the Federal Rules of Appellate Procedure, the First Circuit Local Rules, or the First Circuit Internal Operating Procedures, as applicable.

11.     Any party or person filing with this Court material subject to this Order that has been designated as "Highly Confidential – Attorneys' Eyes Only," including pleadings, motions, briefs, interrogatory responses, responses to requests for admission, transcripts or depositions, shall file and/or lodge those papers in manner that is consistent with the Federal Rules of Civil Procedure, the United States District Court, District of Massachusetts Local Rules, the Federal Rules of Appellate Procedure, the First Circuit Local Rules, or the First Circuit Internal Operating Procedures, as applicable.

12.     No party shall be obligated to challenge the propriety of the designation of any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

13.     A party may challenge another party's designation of information or materials produced herein as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court, with

confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. On any motion challenging the asserted designation of any material or information, the burden of proof shall lie with the producing party to establish that the material is, in fact, properl y designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If a receiving party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the producing party or nonparty, the following procedure shall be utilized:

(a)     The receiving party shall give outside counsel of record for the producing party written notice thereof by facsimile, with confirmation by mail or by personal delivery, specifying the designated material as to which such removal is sought and the reasons for the request; and

(b)     If, after conferring, the parties cannot reach agreement concerning the matter within twenty (20) days after the delivery and receipt of the notice, then the receiving party may file and serve a motion for an Order directing that the designation shall be removed or modified.

Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as if the asserted designation is valid.

14.     All "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 5 and 6 above as persons properly having access thereto.

15.     All persons who have access to information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16.     Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

        (a)     operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

        (b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential – Attorneys' Eyes Only";

        (c)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

        (d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

        (e)     prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

        (f)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

        (g)     prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 3 above, is properly designated "Highly Confidential – Attorneys' Eyes Only"; or

(h)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17.    This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

18.    In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). Unless the parties agree otherwise, the party seeking discovery may then make further application to the non-party or seek other means to obtain such information. This provision shall not prejudice the ability of any party to seek, or the Court to compel, the production of such information.

19.    If a party inadvertently produces "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others and used for any purpose until the producing party notifies the receiving party. As soon as the receiving party is notified of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

20.    Nothing in this Protective Order shall preclude a Party from applying to the Court for a further Order prohibiting disclosure to persons or entities documents, or those portions of documents, containing confidential information or material that have been, or will be, filed with

the Court. A copy of this Stipulated Protective Order shall be submitted with the lodged materials. Any decision not to oppose the filing of the sealed information shall not operate as an admission that the information requested to be filed under seal contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of confidential information.

21.     The terms of this Protective Order shall apply to all manner and means of discovery, including, but not limited to, entry onto land or premises, and inspection of books, records, documents, and tangible things.

22.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto and to any nonparty which has disclosed information in reliance on this Protective Order, for good cause.

23.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties and affected nonparties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

24.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Unless the court orders otherwise, within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder shall, at the option of the producing party, either return such material and all copies thereof (including summaries and excerpts) to outside counsel of record for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction or return of material to outside counsel of record for the

-13-
STIPULATION AND PROTECTIVE ORDER

producing party. Notwithstanding the foregoing, the undersigned shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only") provided that such outside counsel of record, and employees of such outside counsel of record, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

25.     In the event that any information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" through such use. Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

26.     In the event that a party seeks discovery from a nonparty to this litigation, the nonparty may invoke the terms of this Protective Order to protect the confidentiality of any material provided by the nonparty.

27.     If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential –

Attorneys' Eyes Only," shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Respectfully submitted,

Wilson Sonsini Goodrich & Rosati P.C.
Attorneys for Defendant
Gary E. Barnett

Burns & Levinson LLP
Attorneys for Plaintiff
Aspect Software, Inc.

By:_____

Marina C. Tsatalis

By:_____

Lawrence P. Murray

Date: August ___, 2011

Date: August ___, 2011

**IT IS SO ORDERED.**

Dated: August 2, 2011

_____
U.S.D.J.

STIPULATION AND PROTECTIVE ORDER