# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

ASPECT SOFTWARE, INC.,

        Plaintiff,

    v.

GARY E. BARNETT,

        Defendants.
_____

ECF Case

CASE NO.: 1:11-cv-10754-DJC

**FILED UNDER SEAL**

## MEOMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Marina C. Tsatalis (*Pro Hac Vice*)
Charles T. Graves (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 999-5800
mtsatalis@wsgr.com
tgraves@wsgr.com

Russell Beck (BBO No. 561031)
Stephen B. Reed (BBO No. 561949)
BECK REED RIDEN LLP
99 Summer Street, Suite 1600
Boston, MA 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665
rbeck@beckreed.com
sreed@beckreed.com

*Attorneys for Defendant Gary E. Barnett*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ............................................................................................................ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................3

I.   Legal Standard:  Discovery and Motions to Compel. ..............................................................3

II.  Aspect Should Be Compelled to Identify Every Alleged Trade Secret At Issue. .....................3

      A.   Legal Standard:  Identification of Trade Secret Claims. ..........................................4

      B.   Aspect Should Be Compelled to Provide a Complete Response to
             Interrogatory Nos. 1 & 2. .........................................................................................7

III. Aspect Must Pay Mr. Barnett The Attorneys' Fees and Other Costs Incurred in
     Connection With This Motion. .................................................................................................8

IV.  Aspect Should Be Sanctioned Under Rule 37(c). ....................................................................9

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*,
2011 WL 2670948 (D.N.J. June 30, 2011) ...................................................................3

*Compuware Corp. v. Health Care Serv. Corp.*,
2002 WL 485710 (N.D. Ill. Apr. 1, 2002) ....................................................................5

*DeRubeis v. Witten Techs., Inc.*,
244 F.R.D. 676 (N.D. Ga. 2007) ...................................................................................5

*Dura Global Tech., Inc. v. Magna Donnelly Corp.*,
2007 WL 4303294 (E.D. Mich. Dec. 6, 2007) ..............................................................5

*Excelligence Learning Corp. v. Oriental Trading Co.*,
2004 WL 2452834 (N.D. Cal. June 14, 2004) ..............................................................5

*Fisher Stoves, Inc. v. All Nighter Stove Works, Inc.*,
626 F.2d 193 (1st Cir. 1980) .........................................................................................6

*Hill v. Best Med. Int'l, Inc.*,
2010 WL 2546023 (W.D. Pa. June 24, 2010) ...............................................................6

*L-3 Comm. Corp. v. Reveal Imaging Techs., Inc.*,
2004 WL 2915743 (Mass. Sup. Ct. Dec. 2, 2004) ........................................................5

*StonCor Group, Inc. v. Campton*,
2006 WL 314336 (W.D. Wash. Feb. 7, 2006) ..............................................................5

*Sutra, Inc. v. Iceland Express, EHF*,
2008 WL 2705580 (D. Mass. July 10, 2008) ................................................................4

*Uresil Corp. v. Cook Group, Inc.*,
135 F.R.D. 168 (N.D. Ill. 1991) ....................................................................................5

## RULES

Fed. R. Civ. P. 26(b) ..............................................................................................................3

Fed. R. Civ. P. 30(b)(6) .........................................................................................................7

Fed. R. Civ. P. 37(a) ..............................................................................................................3

Fed. R. Civ. P. 37(a)(5)(A) ....................................................................................................8

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) .........................................................................................8

Fed. R. Civ. P. 37(c) ..............................................................................................................9

Fed. R. Civ. P. 37(c)(1) .........................................................................................................9

Fed. R. Civ. P. 37(c)(1)(A)-(C) ..................................................................................................9

## **OTHER AUTHORITIES**

Charles Tait Graves and Brian D. Range,
   *Identification of Trade Secret Claims in Litigation*,
   5 NORTHWESTERN J. OF TECH. & INTELL. PROP. 68 (Fall 2006) ....................................................5

**INTRODUCTION**

Because Plaintiff Aspect has deliberately delayed for months, Defendant Gary Barnett hereby moves to compel crucial discovery – the precise identification of the alleged trade secrets that Aspect contends Mr. Barnett has misappropriate  or will uncontrollably misappropriate in the future.

Identification of trade secret claims is a central event in a case like this.  But Aspect has done nothing but point to general categories in which the alleged secrets are said to reside.  That obfuscatory tactic deprives Mr. Barnett of a fair opportunity to address each alleged secret head-on, and analyze whether each is really secret, whether he really knew each to begin with, and whether each has any meaningful overlap with his new work at Avaya.

As the Court knows, Aspect seeks to bar Mr. Barnett from engaging in certain work at Avaya, and obtained a preliminary injunction in May based on claims that Mr. Barnett would uncontrollably misuse trade secrets if he were to work on Contact Center products at Avaya.  But four months into this case – and even after securing a preliminary injunction against Mr. Barnett – Aspect refuses to identify the specific trade secrets that Mr. Barnett will purportedly utilize in his new employment.  This should set off alarm bells:  if Aspect really has such valuable trade secrets, and if they are so clearly robust as to inhibit Mr. Barnett's career choices, why does Aspect refuse to identify them?  What does Aspect have to hide?  Aspect's tactic offends well-established principles of trade secret law:  courts nationwide require that plaintiffs identify their alleged secrets so that the defendant (and the reviewing court) have fair opportunity to test whether the plaintiff's assertions are true.

**BACKGROUND**

On June 10, Mr. Barnett served his First Set of Interrogatories on Aspect.  No. 1 called upon Aspect to "identify with precision and specificity each and every alleged trade secret that Aspect contends Barnett is reasonably likely to employ, reveal, or otherwise utilize within 12 months of his departure from Aspect," and No. 2 called for Aspect to "identify with precision and specificity each and every alleged trade secret, if any, that Aspect contends Barnett has

employed, revealed, or otherwise utilized following his departure from Aspect." Declaration of Marina C. Tsatalis, August 18, 2011, Ex. A at 2-3.  These interrogatories were accompanied by a specific instruction explaining what Mr. Barnett sought, and designed to head off the obfuscatory tactics that trade secret plaintiffs sometimes engage in:

> The phrase "IDENTIFY WITH PRECISION AND SPECIFICITY EACH AND EVERY ALLEGED TRADE SECRET" as used herein means to provide a specific description of each such alleged trade secret, on an individual basis for each such alleged trade secret, in such a manner that the exact identity, scope, boundaries, constitutive elements, and content of each such alleged trade secret are fully disclosed in writing, in contrast to an agglomerated set of conclusory phrases that does not separately list and describe each such alleged trade secret, in contrast to a mere list of documents or file names.

*See* First Interrogatories (Definition I).

Aspect at first refused to provide any pretense of a response, and instead pointed Mr. Barnett to the papers it had filed with this Court in support of its request for a preliminary injunction (publicly-filed papers which obviously do not identify any alleged trade secrets). *See id.* Ex. A at pp. 2-5.  In a July 21 meet and confer call, Aspect's counsel agreed without debate that Aspect was obligated to identify the trade secret claims at issue, and represented that Aspect would provide the list. *See id.* ¶¶ 3-4.  But it did not arrive.

Between July 27 and August 10, Mr. Barnett's counsel repeatedly demanded that Aspect's counsel provide the trade secret identification. *See id.* Ex. B (four requests emailed between those dates).  Aspect did not respond until August 11. *Id.* (email message from L. Murray).  The next day, Aspect provided a seven-page document that it styled as its "Aspect List of Trade Secrets as of August 12, 2011." *See id.* Ex. C.  This document lists 20 categories in which alleged secrets are said to reside, but does not actually identify any alleged trade secrets. *See id.*

**ARGUMENT**

I.      **Legal Standard: Discovery and Motions to Compel.**

Under Rule 37(a), a court may compel discovery of any matter relevant to a party's claims, defenses, or the subject matter involved in the action for good cause. *See* Fed. R. Civ. P. 37(a). In determining good cause, courts interpret Rule 26(b)'s relevance standard liberally, creating a "broad vista for discovery." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, 2011 WL 2670948, at *2 (D.N.J. June 30, 2011).

II.     **Aspect Should Be Compelled to Identify Every Alleged Trade Secret At Issue.**

Aspect's refusal to identify its alleged trade secrets is insulting and sanctionable. Aspect has done nothing but list high-level categories containing unidentified alleged trade secrets:

| Category | Description |
|---|---|
| 1-4 | [redacted] |
| 5 | [redacted] |
| 6 | [redacted] |
| 7 | [redacted] |
| 8 | [redacted] |
| 9 | [redacted] |
| 10 | [redacted] |
| 11 | [redacted] |

| Category | Description |
|---|---|
| 12 | ███████████████████ |
| 13 | ███████████████████ |
| 14 | ███████████████████ |
| 15 | ███████████████████ |
| 16 | ███████████████████ |
| 17 | ███████████████████ |
| 18 | ███████████████████ |
| 19 | ███████████████████ |
| 20 | ███████████████████ |

████████████████████████████████████, this purported list of trade secret claims does not, in fact, provide *any* specific information. Rather, it merely asserts that alleged secrets exist somewhere within broad categories of general business information.

      **A.**    **Legal Standard: Identification of Trade Secret Claims.**

Like Aspect, trade secret plaintiffs sometimes do everything they can to avoid identifying their claims. For that reason, courts nationwide require that plaintiffs identify their alleged secrets so that the defendant (and the reviewing court) have fair opportunity to test whether the plaintiff's assertions are true. *See, e.g.*, *Sutra, Inc. v. Iceland Express, EHF*, 2008 WL 2705580, at *3 (D. Mass. July 10, 2008) ("It is hornbook law that 'the parties and the court cannot accurately decide the question of whether a trade secret exists without first

understanding what precisely is asserted as a secret.'"; "Analysis becomes difficult, however, when a plaintiff is unable or simply refuses to identify its alleged trade secret adequately.") (citation omitted).

Specifically, Courts agree that trade secret plaintiffs must answer a contention interrogatory seeking a precise identification of each trade secret claim, in a complete response without evasive wording or conclusory phrases. *See, e.g.*, *StonCor Group, Inc. v. Campton*, 2006 WL 314336, at *1-2 (W.D. Wash. Feb. 7, 2006) (plaintiff's response insufficient where it "referenced its complaint and then listed generic technical categories such as 'installer list/network,' 'pricing strategy and policies,' and 'customer lists.'"); *see also L-3 Comm. Corp. v. Reveal Imaging Techs., Inc.*, 2004 WL 2915743, at *13 (Mass. Sup. Ct. Dec. 2, 2004) (requiring plaintiff to serve "serve on the defendants a statement specifically identifying those trade secrets that form the basis of their trade secret misappropriations claims before any discovery may be had on those claims"). The plaintiff may not use indicators of incompleteness such as "among other things" in order to avoid a full and complete response. *See StonCor*, 2006 WL 314336, at *2 ("Defendants are entitled to discovery related to all of the so-called 'other things' allegedly misappropriated").[1]

---

[1] Rulings on trade secret identification disputes are common, and a number address deficient interrogatory responses. *E.g.*, *Dura Global Tech., Inc. v. Magna Donnelly Corp.*, 2007 WL 4303294, at *4 (E.D. Mich. Dec. 6, 2007) (ordering better response to identification interrogatory); *DeRubeis v. Witten Techs., Inc*., 244 F.R.D. 676, 679 (N.D. Ga. 2007) (same where response "does not specify any trade secrets at all, but rather reveals the end results of, or the functions performed by, the claimed trade secrets"); *Excelligence Learning Corp. v. Oriental Trading Co.*, 2004 WL 2452834, at *3-4 (N.D. Cal. June 14, 2004) (granting motion to compel interrogatory requesting that plaintiff "identify in detail" alleged secrets where plaintiff had apparently listed only general categories); *Compuware Corp. v. Health Care Serv. Corp*., 2002 WL 485710, at *7 (N.D. Ill. Apr. 1, 2002) (issuing sanctions where defendant won motion to compel regarding interrogatory requesting identification of alleged secrets but plaintiff "dragged its feet" in responding, and merely listed functions of allegedly secret software); *Uresil Corp. v. Cook Group, Inc.*, 135 F.R.D. 168, 174 (N.D. Ill. 1991) (granting motion to compel better interrogatory responses; "[I]t is clear that Uresil has not identified the components and/or concepts incorporated in the products Uresil claims Cook misappropriated."). For a nationwide survey, *see* Charles Tait Graves and Brian D. Range, *Identification of Trade Secret Claims in Litigation*, 5 NORTHWESTERN J. OF TECH. & INTELL. PROP. 68 (Fall 2006) (*available at* http://www.law.northwestern.edu/journals/njtip/v5/n1/3/).

A recent case is illustrative. In 2010, the Western District of Pennsylvania faced a trade secret defendant which had served an identification interrogatory and instruction almost verbatim with Mr. Barnett's interrogatory and instruction here. In response, the plaintiff issued a long, high-level description of its product features and generalized technical terms, and it was clear that the response did not expressly identify each and every technical trade secret claim the plaintiff was asserting. *See Hill v. Best Med. Int'l, Inc.*, 2010 WL 2546023, at *1-3 & n.4 (W.D. Pa. June 24, 2010). The Court ruled that although the description identified at least one trade secret claim, it primarily consisted of "general allegations and generic references to products" and compelled a supplemental response. *See id*. at *4.

In turn, numerous policy considerations support the precise identification of alleged trade secrets that Mr. Barnett seeks through his contention interrogatories:

- **Handicapping The Defendant**: Only a precise identification gives the defendant a fair notice and opportunity to compare the information it is accused of stealing against information in the public domain.

- **Avoiding Delay**: A defendant should not have to wait for months – while an important motion is pending – to learn what it is accused of misappropriating.

- **Properly Allocating the Burden of Proof**: A trade secret plaintiff bears the burden to identify its alleged secrets. *See Fisher Stoves, Inc. v. All Nighter Stove Works, Inc.*, 626 F.2d 193, 196 (1st Cir. 1980) ("The burden of proving [trade] secrecy falls on the plaintiff.") The defendant should not bear a *de facto* identification burden during discovery.

- **Promoting Judicial Accuracy**: In trade secret cases, Courts are faced with the question whether there is really a secret in the first place. A court can only rule with confidence when the plaintiff has identified its alleged secrets with precision that allows the court to compare the claims against the public domain.

- **No Burden on the Plaintiff**: Requiring a precise identification does not burden the plaintiff. If the plaintiff has filed suit, it has the ability to spell out its claims – *e.g.*, what its own employees claim to have invented – so that they can be tested against the public domain. This

consideration is especially pertinent here, where Aspect seeks to bar Mr. Barnett from career choices based on alleged trade secrets it refuses to spell out.

- **Preventing Overbroad and Ever-Changing Claims**: The plaintiff should not be permitted to accuse the defendant of stealing information that the plaintiff does not own, and it should not be permitted to alter its claims to frustrate the defendant as the case proceeds.

### B. Aspect Should Be Compelled to Provide a Complete Response to Interrogatory Nos. 1 and 2.

In light of these considerations, Aspect should be ordered to comply with Interrogatory Nos. 1 and 2 by providing a complete, precise identification of each separate trade secret claim that it contends Mr. Barnett has or inevitably will misappropriate in the first twelve months of his employment with Avaya.

This is an extremely important issue. Mr. Barnett must understand the exact information he is accused of actually or potentially misusing so that he can investigate and prepare his defenses, which may include (1) non-secrecy (*i.e.*, the information is in the public domain); (2) lack of access (*i.e.*, Mr. Barnett does not know the information); and/or (3) the information is stale (*i.e.*, Massachusetts trade secret law protects only information in continuous use, and Aspect's claims likely include information that is stale or that has no credible overlap with Mr. Barnett's work at Avaya).

Mr. Barnett cannot prepare such defenses without understanding exactly the items of information he is accused of actually or potentially misappropriating. An interrogatory is the only certain way to obtain such information: even if Aspect had made a meaningful production in response to the document requests served by Mr. Barnett (which it did not), Mr. Barnett would still not be able to guess from a technical document production what precise items are those Aspect contends Mr. Barnett has misused or will misuse in the future. Likewise, a Rule 30(b)(6) deposition by itself results in vague verbal testimony that is hard to pin down, as a live witness cannot (or will not) list technical items with exactitude. Mr. Barnett's best shot to

obtain a complete identification of Aspect's trade secret claims is through Interrogatory Nos. 1 and 2.

Aspect's list of categories gives Mr. Barnett no information about the alleged trade secrets at issue in this case. Aspect provided a list of general categories in which alleged but unidentified secrets are said to reside. None of these high-level categories comes even close to identifying a trade secret claim. Mr. Barnett cannot use any of this information to investigate and prepare his defenses. For example, how exactly does Mr. Barnett go about investigating whether the unspecified "███████" are the public domain – and what on earth is an "███████" in the first place? Aspect's list of "trade secrets" succeeds at telling Mr. Barnett nothing. It is worthless.

This is sanctionable bad faith – Aspect rushed into court with a wild story about future trade secret misuse and now – four months later – cannot identify anything to back up those accusations. The Court must force Aspect to identify its alleged trade secrets expeditiously. Mr. Barnett therefore requests that the Court enter an order requiring Aspect within 48 hours to identify with requisite particularity the alleged trade secrets at issue in this case.

**III.     Aspect Must Pay Mr. Barnett The Attorneys' Fees and Other Costs Incurred in Connection With This Motion.**

Upon granting this motion to compel, this Court should also order Aspect to pay the expenses incurred by Mr. Barnett in moving to compel Aspect's performance. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must order the offending party and/or its attorney to pay the movant's attorneys' fees and other motion costs. Fed. R. Civ. P. 37(a)(5)(A). In view of the extensive discussions between the parties that preceded this motion, *see* Tsatalis Decl. ¶¶ 3-4 & Ex. B, the well-defined interrogatories at issue, the nationwide case law on trade secret claim identification, and the egregious nature of Aspect's tactical refusal to provide this crucial information, there is no possible argument that such payment obligation can be avoided pursuant to the exceptions set forth in Rule 37(a)(5)(A)(i)-(iii).

**IV.     Aspect Should Be Sanctioned Under Rule 37(c).**

Aspect's egregious conduct also merits the imposition of additional sanctions by this Court. Under Rule 37(c), this Court is empowered to impose additional sanctions because Aspect has "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e) . . . ." Fed. R. Civ. P. 37(c)(1). Rule 37(c) authorizes a wide array of sanctions. This Court: "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C). Mr. Barnett respectfully requests that this Court impose all such available sanctions, including, but not limited to, the payment of Mr. Barnett's attorneys' fees and costs related to Aspect's improper discovery conduct and the unnecessary meet and confer conferences and other correspondence necessitated by that conduct. Mr. Barnett will submit a memorandum of fees and costs if his motion is granted.

## **CONCLUSION**

Unless it is compelled to do so, Aspect has no intention of complying with the Federal Rules. For these reasons, Mr. Barnett respectfully requests that the Court grant his Motion to Compel, Motion for Expenses, and Motion for Sanctions.

-10-

Respectfully submitted,

GARY E. BARNETT

By his attorneys,

| /s/ Marina C. Tsatalis | /s/ Stephen B. Reed |
|---|---|
| Marina C. Tsatalis (*Pro Hac Vice*) | Russell Beck (BBO No. 561031) |
| Charles T. Graves (*Pro Hac Vice*) | Stephen B. Reed (BBO No. 561949) |
| WILSON SONSINI GOODRICH & ROSATI | BECK REED RIDEN LLP |
| Professional Corporation | 99 Summer Street, Suite 1600 |
| 1301 Avenue of the Americas | Boston, MA 02110 |
| New York, New York 10019 | Telephone: (617) 500-8660 |
| Telephone: (212) 999-5800 | Facsimile: (617) 500-8665 |
| Facsimile: (212) 999-5899 | rbeck@beckreed.com |
| mtsatalis@wsgr.com | sreed@beckreed.com |
| tgraves@wsgr.com | |

Dated: August 18, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document and the accompanying motion papers – *i.e.*, the Motion to Compel Discovery and for Sanctions; the Declaration of Marina C. Tsatalis, dated August 18, 2011, and the Exhibits thereto; and the Proposed Order – were all filed through the ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on August 18, 2011.

        /s/ Stephen B. Reed
          Stephen B. Reed

Dated:  August 18, 2011