UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASPECT SOFTWARE, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>GARY E. BARNETT<br><br>          Defendant. | CIVIL ACTION NO. 1:11CV10754-DJC |

## OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

While Barnett's Motion to Compel repeatedly attacks Aspect for supposedly failing to follow the rules of this Court, it is Barnett who ignored the most basic rule of procedure by filing the instant Motion without first engaging in a Rule 7.1 conference. Indeed, had such a conference taken place, Aspect believes that this Court would not now be burdened with yet another Motion. Accordingly, for this reason, and because the Motion to Compel is substantively without merit, Aspect respectfully requests that it be denied.

### LEGAL ARGUMENT

**I.**    **Barnett's Motion is Improper for Failure to Comply with Procedural Requirements**

Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts requires that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Further, this rule "was designed *primarily* for the benefit of an overburdened district court, because it forces the parties to present issues for resolution by the court only where agreement is not possible after

1

good faith consultation." <u>Converse Inc. v. Reebok Int'l, Ltd.</u>, 328 F. Supp. 2d 166, 170 (D. Mass. 2004). As such, a motion to compel may only be filed "if the parties fail to agree ...." <u>Hasbro, Inc. v. Serafino</u>, 168 F.R.D. 99, 101 (D. Mass. 1996).

While Aspect acknowledges that there was a discovery conference on July 21, 2011, the email chain attached as Exhibit B to Ms. Tsatalis' Affidavit makes crystal clear that the subject matter of that conference was limited to Aspect's Document Response and scheduling a Rule 30(b)(6) deposition. Indeed, contained within Exhibit B is an email from attorney Lawrence Murray which summarizes, in detail, the entirety of the parties' conference. Attorney Murray recounts detailed conversation concerning each of Barnett's 22 requests for production of documents, as well as scheduling Aspect's deposition. The email says nothing of any discussion concerning Barnett's interrogatories, and the Affidavit of Lawrence Murray (attached hereto as <u>Exhibit 1</u>) confirms that no such discussion took place.[1]

The <u>Hasbro</u> case is particularly instructive in connection with this issue. In <u>Hasbro</u>, counsel for the parties "had been conferring about the document request and had not yet reached an impasse in the discussions before the motion was filed – at least as far as Plaintiff was aware ...." <u>Hasbro</u>, 168 F.R.D. at 101. As such, the District Court denied a motion to compel as premature. <u>Id</u>. Because in this case there was no substantive discussion about Aspect's Interrogatory Answers prior to the Motion to Compel, let alone a clear impasse with respect to the issue of deficiencies therein, Barnett's Motion, likewise, should be rejected out of hand.

---

[1] To the extent identification of trade secrets was discussed at all during that conference, it was done in the context of supplementing Aspect's document production in preparation for Aspect's 30(b)(6) deposition, not with respect to Aspect's answers to interrogatories, and Attorney Tsatalis' response to Mr. Murray's summary email confirms this. See Exhibit B to Tsatalis Affidavit.

## II.    Barnett's Motion Should be Denied on Substantive Grounds

In what now has become standard practice, Barnett's Motion to Compel conveniently omits critical facts which obviate the need for judicial intervention in this most recent discovery dispute.  As a threshold matter, Barnett hides from this Court that Aspect has responded to a multitude of detailed discovery requests in timely fashion.  Barnett similarly excludes reference to Aspect's diligence in providing numerous supplemental document productions in light of the parties' July 21 meet-and-confer concerning same.[2]

During the course of discovery, counsel for the parties agreed that Aspect would produce a list of trade secrets on or before August 12, 2011 to assist Barnett and his counsel in their preparation for Aspect's 30(b)(6) deposition.  Once again, Aspect followed through on its promise.  Not until August 18, 2011 when Barnett filed the instant motion did Aspect learn *for the first time* that Defendant was not satisfied with the list provided.  During that six day period, there was no letter, no phone call, nor even an email indicating Barnett's dissatisfaction.  Instead, Barnett rushed into Court seeking the extreme, and unwarranted, relief of an Order to compel and for sanctions.  This conduct hardly comports with Barnett's previously stated goals of fostering efficiency and cooperation.

Aspect's production of the trade secret list on August 12, 2011, and subsequent supplemental document productions, have been timely pursuant to the scheduling agreement reached amongst counsel for the parties.  Moreover, once Aspect learned of Barnett's discontent with respect to Aspect's answers to interrogatories 1 and 2, it took diligent steps to prepare

---

[2] Aspect has made these productions on a rolling basis to ensure that Barnett is given access upon discovery of additional documents by Aspect.

supplemental interrogatory answers which were served on September 1, 2011.[3]   Indeed, and

pursuant to Fed. R. Civ. P. 33(d), Aspect's supplemental interrogatory answers make reference to

the very documents produced by Aspect in accordance with the parties' agreement.   Without the

benefit of a Rule 7.1 meet-and-confer, Aspect has done its best to assuage Barnett's concerns.   If

Barnett remains dissatisfied with the supplemental responses, Aspect is confident that a Rule 7.1

conference which specifically addresses these interrogatories will lead to amicable resolution of

the issue without need for further motion practice.

**III.    Sanctions Sought by Barnett are Unwarranted in this Instance**

       a.   Aspect has Committed no Act or Omission which Warrants Sanctions Under Fed.
          R. Civ. P. 37(c)

As a threshold matter, a purported dearth of information provided in interrogatory

answers is not grounds for sanctions pursuant to Fed. R. Civ. P. 37(c).   By the letter of the rule,

sanctions are only appropriate if there is (i) a deficiency in discovery responses pursuant to Fed.

R. Civ. P. 26(a) or (e), or (ii) a failure to admit what is requested under Rule 36.   As Barnett's

motion makes no reference to a request for admission, the latter possibility can be eliminated.

As to the former, Rule 26(a) concerns required disclosures, which are separate and distinct from

interrogatories.   Rule 26(e) covers the failure to supplement interrogatory answers.   As

previously stated, the issue of Aspect's purportedly insufficient interrogatory answers was not

discussed at the July 21 conference.   Because there has been no direct request to supplement,

Aspect could not have failed to supplement pursuant to Rule 26(e).   Even assuming, *arguendo*,

that interrogatories were discussed at that conference, Aspect timely provided a supplemental list

---

[3] To the extent Barnett seeks to manipulate Aspect's good faith efforts and cites Rule 37(a)(5)(A) for the proposition that Aspect's supplemental responses warrant an award of legal fees and costs, Barnett is precluded by 37(a)(5)(A)(i) and (iii).

of its trade secrets on August 12, 2011.  In this hypothetical context, such list must be considered

a supplement to interrogatory answers, thereby negating the applicability of Rule 26(e).[4]

      b.  Barnett Seeks Improper Application of Fed. R. Civ. P. 37

The language of Fed. R. Civ. P. 37 "clearly requires two things as conditions precedent to

engaging the gears of the rule's sanction machinery: a court order must be in effect, and then

must be violated, before the enumerated sanctions can be imposed." United States v. One 1987

BMW 325, 985 F.2d 655, 660  (1st Cir. 1993) quoting R.W. International Corp. v. Welch Foods

Inc., 937 F.2d 11, 15 (1st Cir. 1991).  Where there is no discovery order in place, sanctions

pursuant to Rule 37 are not available.  See Nexxus Prods. Co. v. CVS N.Y., Inc., 188 F.R.D. 11,

at *22 (D. Mass. 1999).

In this case, there is no order in place compelling further responses to discovery, nor has

there even been discussion amongst counsel for the parties specifically addressing Aspect's

purportedly deficient interrogatory answers.  Aspect only learned for the first time that Barnett

was displeased with its trade secret list when he filed the instant motion on August 18, 2011 – six

days after the list was produced.  Historically, Defendant has been quick to advise Aspect of

purported deficiencies in discovery responses.  In this particular instance, however, there was a

six-day lapse between transmission of the trade secret list and Barnett's filing of the instant

motion without any communication regarding the sufficiency of the list.[5]  Barnett's eagerness to

pursue sanctions under these circumstances hardly comports with either the letter or spirit of

Rule 37.

---

[4] Even if not so considered, Aspect served supplemental interrogatory answers on September 1, 2011.
[5] Query why Barnett said nothing if his true motive was to obtain a list of detailed trade secrets in preparation for the
August 22, 2011 Rule 30(b)(6) deposition of Aspect, which went forward as scheduled.

c. Judicial Discretion does not Warrant Sanctions in this Instance

Barnett's request for sanctions, including his application for attorneys fees relating to this motion, would be totally unnecessary had Barnett's counsel followed procedural requirements and conducted a Rule 7.1 conference concerning Aspect's interrogatory answers. Notably, Aspect created and provided, in good faith, a list of trade secrets to assist Barnett in preparing for the Rule 30(b)(6) deposition of Aspect – a courtesy Aspect was not obliged to extend pursuant to Fed. R. Civ. P. 34 and Barnett's request for production of documents. Further, Aspect supplemented its interrogatory answers on September 1, 2011 to address concerns raised by Barnett, concerns which were only articulated to Aspect through service of the Motion to Compel. Certainly, Aspect's supplemental response would have been provided sooner had it been notified of Barnett's concerns through a Rule 7.1 conference. In light of Aspect's timely discovery responses, its good faith efforts to supplement discovery, and its willingness to voluntarily assist in Defendant's preparation for a 30(b)(6) deposition, sanctions are clearly not warranted in this instance. See Nexxus Prods. Co., *supra*, citing R.W. International Corp., 937 F.2d at 17 ("Moreover, once the Defendants made the Plaintiffs aware of the omission, the Plaintiffs supplied all related documents in their control and custody. This is not a situation where the failure of discovery has been absolute.").

**IV.     If Sanctions are to be Imposed at All, they Should be Imposed Against Barnett for Failure to Comply with Local Rule 7.1(a)(2) and Providing Falsified Certification of Same**

As noted above, the fundamental purpose of Local Rule 7.1 is to prevent the exact situation which has arisen from Barnett's latest filing. The parties are spending numerous hours drafting motions to compel and related oppositions which will consume valuable judicial resources by forcing this Court to review pleadings, hold a hearing, and issue a written decision – all for purposes of resolving a discovery dispute that likely could have been resolved without

judicial intervention.  While it is possible that Barnett may have ultimately felt the need to file a motion to compel after good faith efforts to narrow the issues, his utter disregard for proper procedure precluded the possibility of amicable resolution in this instance.

It is well settled that "Rule 7.1 is no trifle, and that the court expects compliance with both the letter and spirit of its requirements." Converse Inc. v. Reebok Int'l, Ltd., *supra*.  "If a certification is made in violation of the Rule without substantial justification, the Court must impose sanctions upon the attorney making the certification."  Nexxus Prods. Co., *supra*, citing Fed. R. Civ. P. 26(g)(3).  In light of Barnett's failure to comply with applicable procedure, in conjunction with Barnett's counsel's falsified certification, sanctions should be imposed on Barnett, if at all.

## CONCLUSION

For the foregoing reasons, Barnett's Motion to Compel should be denied on both procedural and substantive grounds.  To the extent that sanctions be imposed on any party, they should be assessed against Defendant for failure to comply with the Local Rules and providing false certification of same.

> Respectfully Submitted,
> Plaintiff,
> ASPECT SOFTWARE, INC.,
> By its attorneys,
>
> /s/ Lawrence P. Murray
> Lawrence P. Murray, BBO #561835
> Michael V. Samarel, BBO #675682
> BURNS & LEVINSON LLP
> 125 Summer Street
> Boston, MA 02110
> 617-345-3000

DATED:  September 1, 2011

7

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASPECT SOFTWARE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11CV10754 DJC |
| ) | |
| GARY E. BARNETT ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 1, 2011.


/s/ Michael V. Samarel
*Attorney for Plaintiff*